Burke I. Burke, J.
This is an appeal from a judgment of conviction in the Police Justice Court, Village of Alden. Among the errors alleged by appellant is that the officer having custody of the jury during its deliberations was not sworn, as required by the Code of Criminal Procedure.
The allegation calls attention to the identity of said officer who, it appears, was the local Police Chief and who, it further appears, also functioned as the arresting officer. In the return of the police Justice it is shown that in addition, the same officer summoned the prospective jurors.
*977 Thus we have the Police Chief in the successive roles of (1) complainant, (2) prosecution witness, (3) constable who gave notice to prospective jurors, and (4) custodian of the trial jury.
While in many circumstances the all-around man is equally if not more valuable than the specialist, viz., halfback Kyle Rote as compared with kicking expert Pat Sommerall of the New York Giants, his different functions in a judicial proceeding are likely to disturb the balance of a fair trial for defendant. Furthermore, section 703 of the Code of Criminal Procedure, and section 225 of the Justice Court Act, provide that the names of jurors drawn in a venire must be delivered by the Justice to a constable of the county ‘ ‘ disinterested between the parties ”. The judgment of conviction is reversed and a new trial ordered.